# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:12-cr-00463-JCM-VCF |
| vs. | ) **ORDER** |
| CAROLYN S. WILLIS-CASEY, | ) |
| Defendant. | ) |

This matter is before the Court on the government's petition for revocation of pretrial release for Defendant Carolyn Willis-Casey ("defendant"), dated October 7, 2015. *See* ECF No. 597, 598. A summons was issued as to defendant on October 8, 2015, based upon allegations in the government's Petition for action on conditions of pretrial release. *See* ECF No. 599.

## BACKGROUND

Defendant made her initial appearance on the second superceding indictment on November 12, 2013, where defendant had previously been released subject to supervision by Pretrial Services along with several conditions of pretrial release. The first condition of release is that defendant must not violate any federal, state or local law while on release. *See* ECF No. 156. Since then, the court temporarily modified the release conditions to allow her to obtain her passport for identification purposes. *See* ECF Nos. 275, 314. No previous violations of the conditions of release were noted. The government's petition alleges that on about August 31, 2015, defendant used fictitious documents to secure a residence intended for another person by completing a rental application and agreement, as well as an application for renter's insurance, claiming to reside at the noted address on the application with no apparent intention of occupying that residence. *See* ECF No. 597. On November 17, 2015, defendant initially appeared before this Court and was released pending the revocation

hearing under 18 U.S.C. § 3148. The court conducted a hearing on December 1, 2015, and the government moved for revocation of pretrial release.

## **DISCUSSION**

When a condition of pretrial release is violated, a request to revoke release is heard under 18 U.S.C. § 3148. Under 18 U.S.C. § 3148, "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
>
> (1) finds that there is–
>
> > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> >
> > (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that–
>
> > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> >
> > (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b)(1) and (2).

Section 3148 gives the judicial officer two choices. First, if there is probable cause to believe that a defendant has committed a crime while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(1)(A). There is no limitation in § 3148(b)

2

regarding the types of categories of federal, state, or local crimes that will support an order revoking pretrial release. *United States v. Soria*, No. 2:11-CR-00156-LDG, 2011 WL 3651272, at *6 (D. Nev. Aug. 17, 2011). Although it is preferable for the government to identify the specific crimes allegedly committed while on release, the government's failure to do so is not fatal to revocation. *Id.* at *8. Second, the court may find that there is clear and convincing evidence the person has violated the terms of release. 18 U.S.C. § 3148(b)(1)(B). If so, the court must determine, based on the factors set forth in § 3142(g), whether "there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(A). Alternatively, if there is clear and convincing evidence of a violation and the court determines that "the person is unlikely to abide by any condition or combination of conditions of release," revocation is appropriate. 18 U.S.C. § 3148(b)(2)(B).

Here, the government's petition for action on conditions of release indicates that revocation proceedings were initiated because defendant used fictitious documents to secure a residence intended for another person by completing a rental application and agreement, as well as an application for renter's insurance, claiming to reside at the noted address on the application with no apparent intention of occupying that residence. At the hearing, the government alleged that defendant's actions constituted violations of 18 U.S.C. § 1343, Fraud by Wire, and Nevada Revised Statutes § 205.380, Obtaining money, property, rent or labor by false pretenses. Defendant admitted that she submitted fraudulent employment pay stubs, and obtained an apartment and rental insurance under false pretenses, as alleged in the petition. In addition to defendant's admissions of the violations, the government provided copies of the rent and insurance applications and proffered testimony indicating that defendant had arranged the submission of the false forms and that the information was material to the decision to rent and insure the property. The court therefore finds that there is probable cause to believe that defendant committed violations of 18 U.S.C. § 1343, Fraud by Wire, and Nevada Revised Statutes § 205.380, Obtaining money, property, rent or labor by false pretenses while on pretrial release, as asserted by the government.

Thus, the Court then determines, based on the factors set forth in § 3142(g): (1) whether there is a condition or combination of conditions that assures the defendant will not flee and will not pose

a danger to the community; or (2) whether the person is unlikely to abide by any condition or combination of conditions.  18 U.S.C. § 3148 (b)(2)(A)-(B).

The government additionally provided information regarding the allegations in the second superceding indictment to demonstrate a pattern of conduct of submitting false information generally similar to that which was described in the petition.  Defendant was unable to rebut the presumption that no condition or combination of conditions will assure that she will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b)(2).

The Court finds by clear and convincing evidence that no conditions will reasonably assure the safety of the community, including pecuniary safety, and so defendant is ordered detained pending trial. Accordingly, this Court revokes defendant's pretrial release.  The Court also finds, based upon the violations set forth in the petition, that defendant is unlikely to abide by any condition or combination of conditions of release.

Based on the foregoing, **IT IS HEREBY ORDERED** that defendant's pretrial release is **revoked**.

**IT IS FURTHER ORDERED** that defendant be **detained** pending trial.

DATED: December 2, 2015.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**