UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>    v.<br><br>FREDERICK VERNON WILLIAMS, et al.,<br><br>                              Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Carolyn Willis-Casey's motion (doc. # 646) for the district judge to reconsider the magistrate judge's detention order. (Doc. # 630). No opposition has been filed.

**I.      Background**

On May 20, 2014, the government filed a third superseding indictment charging Carolyn Willis-Casey and three co-defendants with 34 counts relating to their alleged scheme to fraudulently procure United States passports, unemployment benefits, and Nevada identification cards. (Doc. # 240). Ms. Willis-Casey faces charges for theft of government money in violation of 18 U.S.C. § 1341; conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349; and mail fraud in violation of 18 U.S.C. § 1341. She is proceeding to trial along with co-defendants Fredrick Vernon Williams, Jacqueline Louisa Gentle, and Denise Williams.[1] Trial is currently scheduled to begin January 4, 2016. (Doc. # 589).

---

[1] A fourth co-defendant, Deon Gentle, pled guilty before this court on April 30, 2013. (Doc. # 65). The court sentenced him on July 29, 2013, to time served per count to run concurrent with three years (total) of supervised release. (Doc. # 111).

**James C. Mahan**
**U.S. District Judge**

On October 7, 2015, pretrial services filed a petition for a warrant for an offender under supervision for Ms. Willis-Casey. (Doc. # 597). On October 8, 2015, this court granted that petition and issued a summons for the defendant. (Doc. ## 598, 599). Following a pretrial release revocation hearing (doc. ## 625, 637), Magistrate Judge Hoffman entered an order revoking Ms. Willis-Casey's pretrial release based on her admission that she "submitted fraudulent employment paystubs and obtained an apartment and rental insurance . . . under false pretenses," in violation of her pretrial release conditions. (Doc. ## 630; 637 at 3−4). Defendant now moves this court to reconsider that order under 18 U.S.C. § 3145, arguing that she does not pose a danger to the safety of any other person or the community. (Doc. # 646).

## II.     Legal Standard

Title 18 U.S.C. § 3145(b) provides in part that "[i]f a person is ordered detained by a magistrate . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985). The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Koenig*, 912 F.2d at 1192-93. The court may, but need not, hold an evidentiary hearing to make this determination. *See id.*

If a condition of pretrial release is violated, a request to revoke is heard under 18 U.S.C. § 3148, not section 3142. The standards under the two sections are markedly different. *United States v. Gill*, 2008 WL 2120069 (E.D.Cal.). Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 . . . and who has violated a condition of his release, is subject to revocation of release, an order of detention, and a prosecution for contempt of court." See 18 U.S.C. § 3148(a). Section 3148 further provides that:

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer
>
> > (1) finds that there is—
> >
> > > (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> > >
> > > (B) clear and convincing evidence that the person has violated any other condition of release; and
> >
> > (2) finds that—
> >
> > > (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> > >
> > > (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b).

If there is probable cause to believe that a defendant has committed a crime while on release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(1)(A). There is no limitation in section 3148(b) regarding the types of categories of Federal, State, or local crimes that will support an order revoking pretrial release. *United States v. Soria*, No. 2:11-CR-00156-LDG, 2011 WL 3651272, at *6 (D. Nev. Aug. 17, 2011). Furthermore, after a finding that there is probable cause that a defendant violated a federal, state, or local law, section 3148 only requires the court to consider the section 3142(g) factors if defendant successfully rebuts the presumption that there is no condition or combination or conditions that will assure that the defendant will not pose a danger to safety of any other person or the community.

. . .

### III. Discussion

On December 2, 2015, Magistrate Judge Hoffman entered an order revoking Ms. Willis-Casey's pretrial release and ordering her detained pending trial. (Doc. # 630). Judge Hoffman found that there was probable cause that defendant violated two federal, state, or local laws while on pretrial release: 18 U.S.C. § 1343, wire fraud, and Nevada Revised Statutes § 205.380, obtaining money, property, rent, or labor by false pretenses. *See* 18 U.S.C. § 3148(b)(2)(B); (doc. # 630 at 3). The court found further that defendant did not "rebut the presumption that no condition or combination of conditions will assure that she will not pose a danger to the safety of any other person or the community," which arises under section 3148(b)(2)(B). (Doc. # 630 at 4). Finally, Judge Hoffman found by clear and convincing evidence that "no conditions will reasonably assure the safety of the community, including pecuniary safety."[2] (*Id.*).

Defendant argues that Judge Hoffman erred by finding that no condition or combination of conditions existed to ensure the safety of the community. (*See* doc. # 646 at 4). In support of her argument, defendant points to pretrial services' personal recognizance bond (doc. # 613) releasing defendant pending her revocation hearing. The bond modifies Ms. Willis-Casey's original release conditions by (a) requiring prior approval of any rental application by defendant and (b) prohibiting defendant from manufacturing fictitious documents. Defendant also asserts that this court should have considered the factors under section 3142(g) in determining whether she poses a risk to the community.

First, having reviewed this matter *de novo,* the court adopts Judge Hoffman's factual finding that there is probable cause that defendant violated two federal, state, or local laws while on pretrial release: 18 U.S.C. § 1343, wire fraud, and Nevada Revised Statutes § 205.380, obtaining money, property, rent, or labor by false pretenses. Having reviewed the transcript of the revocation proceeding, the court finds that defendant admitted to facts that form the basis for a finding that she violated the first condition of her pretrial release: Do not commit a federal, state, or local crime. (*See* doc. # 637 at 3–4). Specifically, Ms. Willis-Casey admitted that she "submitted

---

[2] Based on the transcript of the revocation proceeding held in front of Judge Hoffman (doc. # 637) and the sufficiency of the evidence presented therein, the court declines to hold an evidentiary hearing regarding defendant's motion. *See Koenig*, 912 F.2d at 1192-93.

James C. Mahan
U.S. District Judge

- 4 -

1  fraudulent employment paystubs and obtained an apartment and rental insurance, apparently, under false pretenses." (*Id.*).

After defendant's admission, the government proceeded to form the factual basis for violations of section 1343 and NRS § 205.380 by establishing that defendant made material false statements in both a rental application and a renter's insurance application. (Doc. # 637 at 4–12). The government alleged that the statements were made to obtain property interests, were made in documents subsequently introduced into interstate commerce, and were so introduced via wire transmissions. (*Id.*). Defendant did not object to or deny those allegations.[3] (*See* doc. # 637 at 12–16).

Having considered the evidence discussed above, this court echoes Judge Hoffman's finding that Ms. Willis-Casey did not rebut the presumption created by section 3148(b) that no condition or combination of conditions will assure that she will not pose a danger to the safety of any other person or the community. At the revocation proceeding, defense counsel argued that this is defendant's first violation of her pretrial release conditions. (Doc. # 637 at 14–15). Therefore, the violation is not indicative of a pattern of fraudulent behavior. (*Id.*). Defendant argued further that the court should take into account that Ms. Willis-Casey filled out the fraudulent applications only to obtain housing for her then homeless brother, who she was not able to take into her own home.

Defendant's pattern of fraudulent behavior *is* disturbing however. She is currently awaiting trial on 14 counts of mail fraud, 1 count of conspiracy to commit mail fraud, and 1 count of theft of government money. The fact that defendant managed to abstain from making false statements for some period of time during pretrial release does not make it any less alarming that, before even proceeding to trial on those charges, defendant turned to fraud when confronted with a difficult family situation.

---

[3] Defendant did object to the government's production of defendant's 2009–2012 federal tax returns. Defense counsel argued that this was evidence appropriate only for trial, and that it did not tend to make any element of the pretrial release violation more or less likely. (Doc. # 637 at 9). The government indicated that it offered the evidence to demonstrate a troubling pattern of fraudulent conduct.

James C. Mahan
U.S. District Judge

- 5 -

Her reliance on the argument that she made the false statements only to help her then homeless brother, who is a co-defendant and the alleged mastermind of the conspiracy, is misguided. That fact suggests to the court that a federal indictment, pending trial, and pretrial release conditions are not sufficient to prevent defendant from continuing to make material false statements that pose a danger to the pecuniary safety of the community.[4] Defendant's willingness to fraudulently file a rental application in violation of federal and state law at the whim of a co-defendant is evidence that no condition or combination of conditions will assure that Ms. Willis-Casey will not pose a danger to the safety of any other person or the community.

Having found that defendant failed to rebut the presumption that no condition or combination of conditions will assure that Ms. Willis-Casey will not pose a danger to the pecuniary safety of the community, the court is not required to consider the factors in section 3142(g). *See supra* 18 U.S.C. 3148(b).

**IV.  Conclusion**

The court reviewed the transcript of the revocation proceeding held in front of Judge Hoffman, as well as the ample evidence produced at the revocation hearing. Having conducted a *de novo* review of Judge Hoffman's detention order, the court will deny defendant's motion, consistent with the foregoing findings of fact and conclusions of law.

. . .

. . .

. . .

. . .

. . .

. . .

---

[4] The Ninth Circuit has held that economic or pecuniary danger to the community is an appropriate ground for revocation of pretrial release under chapter 207 of the Bail Reform Act in some cases. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (holding that pecuniary danger is a form of community danger with respect to the danger requirement of section 3143). The court finds that that analysis applies with equal force here. As in *Reynolds*, defendant here stands accused of fraud. Further, defendant has demonstrated a capacity to commit new crimes while on release, in direct violation of her conditions.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Carolyn
3  Willis-Casey's motion (doc. # 646) for the district judge to reconsider the magistrate judge's
4  detention order be, and the same hereby is, DENIED.

5  DATED December 29, 2015.

```
                                              _____
                                              UNITED STATES DISTRICT JUDGE
```

James C. Mahan
U.S. District Judge