UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-463 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FREDERICK VERNON WILLIAMS, et al., | |
| Defendant(s). | |

Presently before the court is the matter of the amount of restitution to be imposed against defendant Carolyn Willis-Casey in the case of *USA v. Williams, et al.*, case no. 2:12-cr-00463-JCM-VCF. Both parties submitted briefing on the matter. (*See* ECF Nos. 810, 819).

Ms. Willis-Casey was sentenced on June 30, 2016, for her conviction for mail fraud on count 20 of the superseding indictment. (ECF No. 811). Defendant was acquitted on fifteen other counts, including a conspiracy count associated with the conduct for which she was convicted on count 20. (*See* ECF No. 723). Defendant was sentenced to a term of thirty months of custody to be followed by three years of supervised release. (*Id.*)

The restitution amount was disputed by the parties, and the court ordered additional briefing with respect to the appropriate amount of restitution. (*Id.*) After reviewing the briefing, the court entered judgment against Willis-Casey, including an order of restitution for $218,708.00, on July 13, 2016. (ECF No. 826). This written order provides a record of the court's reasoning for imposing that amount.

The government submitted a brief arguing that the appropriate restitution amount under the Victim and Witness Protection Act ("VWPA") is $218,708.00, or the full loss attributed to the

**James C. Mahan**
**U.S. District Judge**

1  scheme by which defendant and her codefendants defrauded the Nevada Department of Education
2  Training and Rehabilitation of unemployment insurance funds. (*See* ECF No. 810). Defendant
3  argues that the Mandatory Victim Restitution Act ("MVRA") governs restitution in mail fraud
4  cases, and that, under that act, restitution should be imposed in an amount of only $10,696.00, or
5  the loss directly attributable to Willis-Casey's count of conviction. (*See* ECF No. 811).

6        The government argues that Congress amended the VWPA in 1990 specifically to
7  undermine the Supreme Court's ruling in *Hughey v. United States* that "the loss caused by the
8  conduct underlying the offense of conviction establishes the outer limits of a restitution order"
9  under the VWPA. *See* 495 U.S. 411, 420 (1990). The amended statute specifies that for purposes
10 of calculating restitution for "an offense that involves as an element a scheme, conspiracy, or
11 pattern of criminal activity, any person directly harmed by the defendant's criminal conduct *in the*
12 *course of the scheme, conspiracy, or pattern*." 18 U.S.C. § 3663(a)(2) (emphasis added). Indeed,
13 the Ninth Circuit has held that "[u]nder the amended statute, when someone is convicted of a crime
14 that includes a scheme, conspiracy, or pattern of criminal activity *as an element of the offense*, the
15 court can order restitution for losses resulting from any conduct that was part of the scheme,
16 conspiracy, or pattern of criminal activity." *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir.
17 1996) (emphasis in the original).

18       Defendant argues that the MVRA, and not the VWPA, applies to a conviction for mail
19 fraud. (*Id.*) She contends that the MVRA limits restitution to the victim's actual loss or "the direct
20 and proximate harm that a victim suffered as a result of the fraud." (*Id.* at 2 (citing 18 U.S.C. §
21 3663A(a)(2)). It is true that the MVRA applies to the conviction for mail fraud. *See* 18 U.S.C. §
22 3663A(c). Defendant's argument that this limits the restitution amount is unavailing, however,
23 because § 3663A(a)(2) includes the *exact* same language contained in § 3663(a)(2) and interpreted
24 in *Reed*. *See Reed*, 80 F.3d at 1423. *Compare* 18 U.S.C. § 3663(a)(2) *with* 18 U.S.C. § 3663A(a)(2).
25 Section 3663A does not limit or expand the restitution available under § 3663—it simply makes
26 imposition of restitution mandatory—instead of discretionary—for the crimes enumerated in §
27 3663A(c).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1         A Ninth Circuit panel has addressed this issue in a case with facts analogous to those under which Ms. Willis-Casey was convicted. *See United States v. Lam Thanh Pham*, 294 Fed.Appx. 330 (9th Cir. 2008). In *Pham*, the defendant, Mr. Pham, argued on appeal that the sentencing court abused its discretion by imposing restitution of $1 million when the loss associated with the single count to which he pled guilty was only $4,500.00. *See id.* at 333−34. The Ninth Circuit affirmed the district court, finding that "[b]ecause Pham admitted in his plea agreement to participating in a "scheme and artifice" to commit bank fraud, notwithstanding the fact that the one count to which he pled guilty only involved approximately $4,500 in loss, the district court did not abuse its discretion in imposing a $1 million restitution obligation on him when the full amount of loss resulting from the scheme in which Pham admitted being involved exceeded $1.6 million." *See id.* at 334.

         Similarly, the jury in this matter found that Ms. Willis-Casey was guilty of mail fraud. The count on which she was found guilty involves only $10,696.00. Mail fraud, however, contains the following element: "the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." (ECF No. 728, Jury Instruction 23). The jury thus found beyond a reasonable doubt that defendant had participated in a "scheme or plan to defraud," just as Mr. Pham admitted in his plea agreement. *See Pham*, 294 Fed.Appx. at 334.

         Therefore, as in Mr. Pham's case, an imposition of restitution including the full amount of loss that occurred in the course of the scheme in which the jury found Ms. Willis-Casey participated is appropriate here under 18 U.S.C. § 3663A(b). *See id.* The total amount of loss associated with the DETR unemployment insurance benefit scheme is $218,708.00. Restitution was therefore imposed in that amount, to be paid jointly and severally with Ms. Willis-Casey's codefendants. (*See* ECF No. 826).

. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that restitution be, and the same hereby is, IMPOSED in the amount of $218,708.00 against defendant Carolyn Willis-Casey, to be paid jointly and severally with her codefendants, consistent with the judgement entered July 13, 2016. (ECF No. 826).

DATED July 19, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**