UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-463 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FREDERICK VERNON WILLIAMS, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Carolyn Shelmadine Willis-Casey's ("petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 950). The United States of America ("the government") filed a response (ECF No. 960), to which petitioner replied (ECF No. 968).

Also before the court is petitioner's motion for early termination of supervised release. (ECF No. 965). The government did not file a response, and the time to do so has passed.

I.      **Background**

On May 20, 2014, the federal grand jury returned the third superseding indictment charging petitioner with aiding and abetting theft of government money, conspiracy, and several counts of mail fraud. (ECF No. 240). Petitioner proceeded to trial, and on January 19, 2016, a jury verdict was entered finding petitioner guilty of count 20, mail fraud. (ECF No. 719).

On June 30, 2016, the court sentenced petitioner to 30 months' custody followed by a three-year term of supervised release with special conditions. (ECF No. 811). Restitution was ordered in the amount of $218,708, jointly and severally with codefendants Frederick Williams, Denise

Williams, and Jacqueline Gentle. (ECF Nos. 832). Judgment was entered on July 13, 2016. (ECF No. 826).

On July 12, 2016, petitioner filed a notice of appeal. (ECF No. 824). The Ninth Circuit affirmed petitioner's conviction and sentence on March 22, 2018. (ECF No. 913). The order on mandate affirming the district court's judgment was entered on December 12, 2018. (ECF No. 933).

In the instant motion, petitioner moves to vacate arguing ineffective legal counsel based on trial counsel's failure to investigate, failure to move to sever, failure to object to the admissibility of certain evidence, and the government's use of knowingly-perjurious testimony in violation of due process. (ECF No. 950).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it. *See Bousley*, 523 U.S. at 622. The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

Further, ineffective-assistance-of-counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also Schlesinger*, 49 F.3d at 509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

**III.    Discussion**

   *A.    Section 2255 motion*

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must show that her counsel's performance was deficient and that she was prejudiced by that deficiency. *Id.* at 687.

"First, the defendant must show that counsel's performance was deficient." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

### 1.  *Failure to investigate*

Petitioner argues that her trial counsel was ineffective for failing to "independently investigate the evidence and facts" of the case and, as a result, "[c]ounsel could not impeach Agent Buck's testimony." (ECF No. 968 at 7).[1]  Petitioner avers as follows:

> Had counsel conducted an independent investigation into the facts of the case and the government's evidence, including an independent interview with officials from DETR, counsel would have discovered that DETR has absolutely no record of the NOD as charged in count 20 ever being generated or mailed, that the NOD charged in count 20 relates to a redetermination claim and it is common that NODs are not mailed when a redetermination is made, and that, contrary to Agent Buck's trial testimony[,] government exhibit 32 represents nothing more than DETR monetary benefit determination history on UIB claims, and th[at] Agent Buck and the prosecutor [were] well aware of these facts, thus Agent Buck's testimony was knowingly perjured . . . .

*Id.* at 4.

Assuming *arguendo* that petitioner's trial counsel was deficient, petitioner must still prove that but for counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner's argument rests entirely upon the premise that the government had insufficient evidence to prove count 20 absent Agent Buck's testimony regarding government exhibit 32.  *Id.* Petitioner's myopic view of the evidence is belied by the record.  As the Ninth Circuit noted, "Government Exhibit 32 taken *alongside Zuelke's testimony* permits a reasonable inference that such a notice was mailed." (ECF No. 913 at 11 (emphasis added)).

Thus—even considering petitioner's allegations as true—there was enough evidence for the jury to draw the inference that the notice of monetary determination was mailed and consequently return a guilty verdict.  As a result, petitioner has not carried her burden to show that but-for her counsel's conduct, the result of her trial would have been different.

. . .

---

[1]  The court notes that petitioner's reply was filed such that the pages are out of order.  The court refers to the pages in the order in which they appear on the docket.

James C. Mahan
U.S. District Judge

- 4 -

### 2. *Due process claim*

Next, petitioner asserts a due process violation based on the government's use of Agent Buck's allegedly-perjured testimony. (ECF No. 950 at 10). In her reply, however, petitioner seems to recast this claim as an ineffective assistance of counsel claim in order to circumvent procedural default. (ECF No. 968 at 10). To the extent petitioner attempts to present this claim as one for ineffective assistance of counsel, it falls prey to the same analysis as above. To the extent that petitioner maintains the claim as a due process violation, she failed to raise the issue on appeal and, as a result, procedurally defaulted.[2] In either circumstance, petitioner's claim fails.

### 3. *Failure to move to sever*

Finally, petitioner contends that her trial counsel was ineffective because he did not move to sever her trial from her codefendants. (ECF Nos. 950 at 10; 968 at 9–10). In particular, petitioner argues that "[t]he sheer volume of evidence against those co-defendants" regarding counts she was not charged with "left a binding impression on the jury that [petitioner] must be guilty of something given [her] familial relationship to them." (ECF No. 950 at 10).

On one hand, the Federal Rules of Criminal Procedure allow the government to charge two or more defendants in the same indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). On the other hand, Rule 14 gives the court authority to sever the defendants' trials or provide "any other relief that justice requires" if joining the defendants "in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). The United States Supreme Court has clarified the tension in the rules as follows:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

---

[2] Although petitioner argues that her due process claim is not too conclusory, she does not dispute that the claim is procedurally defaulted. (ECF No. 968 at 2). Petitioner goes on to argue —without addressing procedural default—that the court should conduct an evidentiary hearing. *Id.*

James C. Mahan
U.S. District Judge

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

"The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without *substantial* prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968) (emphasis added) (internal quotation marks and citation omitted). The defendant seeking severance must be substantially prejudiced because "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro,* 506 U.S. at 540; *see also United States v. Jenkins*, 633 F.3d 788, 807 (2011) ("The possibility of acquittal in a separate trial is not itself sufficient to require severance.").

Although separate trials may be appropriate when there is a high risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *see also United States v. Escalante*, 637 F.2d 1197, 1201 (1980) ("The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge."). Severance is required where the prejudice to the defendant is "of such magnitude that the defendant [would be] denied a fair trial." *Escalante*, 637 F.2d at 1201.

Petitioner has not demonstrated that had her trial counsel moved for severance due to an evidentiary disparity between codefendants, such motion would be granted. Indeed, the Ninth Circuit rejected a failure-to-sever argument regarding petitioner's codefendants. (ECF No. 913 at 3–4). Two of petitioner's codefendants, Williams and Gentle, moved for severance based on, among other things, an antagonistic defense. (ECF Nos. 89, 95). Nonetheless, the court denied the motions and instructed the jury at trial to consider the guilty or innocence of each defendant independently of one another. (ECF Nos. 120; 128; 913 at 4). The Ninth Circuit affirmed this court's decision and further noted that "the jury convicted each [d]efendant on some but not all counts. The jury's selective verdict indicates it was able to compartmentalize the evidence." (ECF No. 913 (citing *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011))).

Petitioner has thus failed to show that the result of her trial would have been different had counsel moved for severance, particularly in light of the fact that the jury acquitted her of several counts.

### 4. Certificate of appealability

The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides in pertinent part as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> . . .
>
> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. There was evidence independent of Agent Buck's testimony to support her conviction. Her due process claim is procedurally defaulted. She has failed to show that a motion for severance would have been granted, let alone that it would have resulted in her acquittal on count 20. Accordingly, the court declines to issue a certificate of appealability.

In light of the foregoing, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**B. Early termination of supervised release**

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4). "It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014).

Petitioner has failed to demonstrate why early termination is in the interest of justice. The court acknowledges that petitioner has reportedly "been compliant with [her] probation requirements." (ECF No. 965). But compliance with the terms of supervised release is what is expected of a defendant on supervised release and does not alone constitute an adequate basis for termination. *United States v. Smith*, No. 2:09-CR-00218-KJD, 2015 WL 3797435, at *2 (D. Nev. June 17, 2015).

The court further acknowledges that petitioner has made positive strides while on supervised release, including her employment as the Reentry Program Manager at HOPE for Prisoners. (ECF No. 965). Although petitioner indicates that she has "only [been] able to receive partial clearance" which "has created several barrier making it difficult to provide the services and resources needed by HOPE clients," petitioner does not give any further details about what these "barriers" entail. *Id.*

Beyond successfully completing one half of her term of supervised release and securing employment with HOPE for Prisoners—which is in some way impeded by her supervision— petitioner presents no information to the court to consider. Accordingly, the court finds that defendant did not meet her "burden to establish that [s]he is entitled to the rarely-granted remedy of early termination of supervised release." *Emmett*, 749 F.3d at 824.

Petitioner's motion for early termination is denied.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 950) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion for early termination of supervised release (ECF No. 965) be, and the same hereby is, DENIED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Willis-Casey v. United States,* case number 2:19-CV-1061.

DATED October 25, 2019.

_____
UNITED STATES DISTRICT JUDGE